IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>     Plaintiff, <br><br> v. <br><br> CRST INTERNATIONAL, INC./ <br> CRST EXPEDITED, INC., <br>     Defendant. | CIVIL ACTION NO. 3:17-cv-241-J-32JBT <br><br> COMPLAINT <br><br> JURY TRIAL DEMAND |

## PLAINTIFF EEOC'S COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disabilities and to provide appropriate relief to Leon Laferriere, a qualified individual who was adversely affected by such practices. As alleged with greater particularity below, Defendant refused to hire Laferriere as a truck driver because of his disabilities, refused to accommodate his disabilities, and retaliated against him when he requested the use of a prescribed emotional support/service dog as an accommodation for his post-traumatic stress disorder and mood disorder.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which

incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant CRST International, Inc./ CRST Expedited, Inc. ("CRST" or "Defendant Employer") has continuously had at least 15 employees and has continuously done business in the State of Florida and the Cities of Tampa, Jacksonville, and Fort Myers.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7), which incorporate by reference Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

2

## ADMINISTRATIVE PROCEDURES

7.      On August 13, 2015, more than thirty days prior to the institution of this lawsuit, Leon Laferriere filed a charge with the Commission alleging violations of Title I and Title V of the ADA by CRST. Laferriere alleged in his charge that CRST International Inc. refused to accommodate and hire him once it became aware of his disability and need for the use of a service dog, in violation of Title I and Title V of the ADA.

8.      On December 15, 2015, the Commission issued a Letter of Determination to CRST, finding reasonable cause to believe that Defendant violated the ADA and inviting CRST to join with the Commission in informal methods of conciliation in an endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      The EEOC engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     On November 23, 2016, the Commission issued a Notice of Failure of Conciliation to CRST, advising CRST that the Commission was unable to secure a conciliation agreement acceptable to the Commission from Defendant.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.     Since at least May 2015, Defendant CRST has engaged in unlawful

employment practices in Jacksonville and Fort Myers, Florida in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §12112(a), and Section 503 of Title V of the ADA, 42 U.S.C. §12203.

13. Leon Laferriere is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Leon Laferriere has impairments, PTSD and mood disorder, which substantially limit major life activities including, but not limited to, sleeping, brain function, and thinking. Laferriere's psychiatrist has prescribed an emotional support/service animal to assist Laferriere in coping with his disabilities and to maintain appropriate social interactions and workplace functions.

14. Defendant Employer unlawfully discriminated against Leon Laferriere by failing to hire him on the basis of his disabilities and his request for an accommodation. During CRST's hiring process, Leon Laferriere requested the reasonable accommodation of being allowed to drive with his service animal. Defendant Employer knew of the Charging Party's limitations and his use of a service dog. On June 12, 2015, CRST denied Laferriere's request to drive with his service dog. Defendant failed to provide the reasonable accommodation requested or any other accommodation. CRST refused to hire Laferriere because of his disabilities and his need for an accommodation.

15. CRST unlawfully interfered with Laferriere's rights and protections under the ADA when CRST Manager Marcus Schneider and CRST Recruiter Nichole Moreland pressured Laferriere to leave his service animal at home and refused to provide a reasonable accommodation for Laferriere's disabilities.

16. CRST also unlawfully retaliated against Laferriere. Around early June

4

2015, Laferriere requested an accommodation for his disabilities. On or around June 10-12, 2015, CRST told Laferriere that he could not drive with his service dog due to company policies. On or about June 12, 2015, Laferriere repeated his request for an accommodation and informed CRST of his belief that the company's "no pet" policy and CRST's refusal to allow him to drive with his service dog violated the ADA. On or around June 15, 2015, CRST retaliated against Laferriere by rescinding its offer of employment, sending Laferriere home to Fort Myers from the driving school in Jacksonville instead of moving him forward to new driver orientation. CRST also retaliated against Laferriere in June 2015 by failing to provide Laferriere with the opportunity to participate in an interactive process to determine if Laferriere's request to drive with his service dog was a reasonable accommodation.

17. The effect of the practices described above has been to deprive Leon Laferriere of equal employment opportunities and otherwise adversely affect his status as an employee and/or applicant for employment because of his disabilities and his opposition to disability discrimination.

18. The unlawful employment practices described herein were intentional.

19. The unlawful employment practices described herein were done with malice or with reckless indifference to Leon Laferriere's federally protected rights.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining CRST, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it,

from discriminating against qualified individuals with disabilities who use a service animal or emotional support animal.

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order CRST to make Leon Laferriere whole by offering him employment as a truck driver.

D.   Order CRST to make Leon Laferriere whole by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, and any other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.   Order CRST to make Leon Laferriere whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in this Complaint in amounts to be determined at trial.

F.   Order CRST to make Leon Laferriere whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in this Complaint, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.   Order CRST to pay Leon Laferriere punitive damages for its malicious and reckless conduct, as described herein, in amounts to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues and questions of fact raised in its Complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____
Gregory Gochanour
IL Bar No. 06210804
Regional Attorney
EEOC Chicago District Office
500 W. Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8000 (Office)
(312) 869-8220 (Facsimile)
gregory.gochanour@eeoc.gov

_____
Jean Kamp
IL Bar No. 01390635
Associate Regional Attorney –Trial Counsel
EEOC Chicago District Office
500 W. Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8000 (Office)
(312) 869-8220 (Facsimile)
jean.kamp@eeoc.gov

7

*Leslie N. Carter* (signature)
Leslie N. Carter
IL Bar No. 6311023
Trial Attorney – Trial Counsel
EEOC Milwaukee Area Office
310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
(414) 297-4188 (Office)
(414) 297-3146 (Facsimile)
leslie.carter@eeoc.gov

*Camille Monahan* (signature)
Camille Monahan
WI Bar No. 1056755
Senior Trial Attorney – Trial Counsel
EEOC Milwaukee Area Office
310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
(414) 297-1111 (Office)
(414) 297-3146 (Facsimile)
camille.monahan@eeoc.gov

8