IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 3:17-CV-241-J-32JBT |
| v. ) ) | AMENDED COMPLAINT |
| CRST INTERNATIONAL, INC.; ) CRST EXPEDITED, INC., ) ) | JURY TRIAL DEMANDED |
| Defendants. ) ) | |

## PLAINTIFF EEOC'S AMENDED COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disabilities and to provide appropriate relief to Leon Laferriere, a qualified individual with a disability who was adversely affected by such practices. As alleged with greater particularity below, Defendants refused to hire Laferriere as a truck driver because of his disabilities, refused to accommodate his disabilities, and retaliated against him when he requested the use of a prescribed emotional support/service dog as an accommodation for his Post-Traumatic Stress Disorder and mood disorder.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which

1

incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, making venue proper in this District.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant CRST International, Inc. ("CRST International") and Defendant CRST Expedited, Inc. ("CRST Expedited") have each continuously had at least 15 employees and have continuously done business in the State of Florida and the Cities of Jacksonville, Fort Myers, and Tampa.

5. At all relevant times, each Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7), which incorporate by reference Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, each Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. CRST Expedited and CRST International operated as a joint employer by virtue of CRST International's control of the terms and conditions of employment of CRST Expedited employees. Alternatively, Defendants operated as an integrated enterprise or single employer by virtue of their common management, the interrelations of their operations, centralized control over human resources and common ownership.

8. At all times relevant, CRST Expedited was a wholly-owned subsidiary of CRST International.

## ADMINISTRATIVE PROCEDURES

9. On August 13, 2015, more than thirty days prior to the institution of this lawsuit, Leon Laferriere filed a charge with the Commission alleging violations of Title I and Title V of the ADA by CRST. Laferriere alleged in his charge that CRST International Inc. refused to accommodate and hire him once it became aware of his disability and need for the use of a service dog, in violation of Title I and Title V of the ADA.

10. On December 15, 2015, the Commission issued a Letter of Determination to CRST International/CRST Expedited, finding reasonable cause to believe that Defendants violated the ADA and inviting CRST International/CRST Expedited to join with the Commission in informal methods of conciliation in an endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The EEOC engaged in communications with Defendants to provide Defendants with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. On November 23, 2016, the Commission issued a Notice of Failure of

Conciliation to Defendants, advising them that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least May 2015, Defendant CRST International and Defendant CRST Expedited have engaged in unlawful employment practices in Jacksonville and Fort Myers, Florida in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §12112(a), and Section 503 of Title V of the ADA, 42 U.S.C. §12203.

15. Leon Laferriere is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Leon Laferriere has impairments, PTSD and mood disorder, which substantially limit major life activities including, but not limited to, sleeping, brain function, and thinking. Laferriere's psychiatrist, who treated him at the Lee County Veteran's Administration facility in Florida, has prescribed an emotional support/service animal to assist Laferriere in coping with his disabilities and to maintain appropriate social interactions and workplace functions.

16. Defendants unlawfully discriminated against Leon Laferriere by failing to hire him on the basis of his disabilities and his request for an accommodation. During the hiring process, Leon Laferriere requested the reasonable accommodation of being allowed to drive with his service animal. Defendants knew of the Charging Party's limitations and his use of a service dog. Defendants sent him to driver training in Jacksonville, Florida at the J-Tech driving school. But, on June 12, 2015, Defendants

4

denied Laferriere's request to drive with his service dog. CRST International has a Service Dog Process that governs whether service dogs may be allowed as a reasonable accommodation to employees of CRST Expedited. The Employee Relations Manager for CRST International administers the Service Dog Process for employees of CRST Expedited who request a service dog as a reasonable accommodation. Defendants failed to provide the reasonable accommodation requested or any other accommodation. Defendants refused to hire Laferriere because of his disabilities and his need for an accommodation.

17. Defendants unlawfully interfered with Laferriere's rights and protections under the ADA when CRST Manager Marcus Schneider and CRST Recruiter Nichole Moreland pressured Laferriere to leave his service animal at home and refused to provide a reasonable accommodation for Laferriere's disabilities.

18. Defendants also unlawfully retaliated against Laferriere. Around early June 2015, Laferriere requested an accommodation for his disabilities. On or around June 10-12, 2015, Defendants told Laferriere that he could not drive with his service dog due to company policies. On or about June 12, 2015, Laferriere repeated his request for an accommodation and informed Defendants of his belief that the company's "no pet" policy and Defendants' refusal to allow him to drive with his service dog violated the ADA. On or around June 15, 2015, Defendants retaliated against Laferriere by rescinding its offer of employment, sending Laferriere home to Fort Myers from the driving school in Jacksonville instead of moving him forward to new driver orientation. Defendants also retaliated against Laferriere in June 2015 by failing to provide Laferriere with the opportunity to participate in an interactive process to determine if Laferriere's

5

request to drive with his service dog was a reasonable accommodation.

19. The effect of the practices described above has been to deprive Leon Laferriere of equal employment opportunities and otherwise adversely affect his status as an employee and/or applicant for employment because of his disabilities and his opposition to disability discrimination.

20. The unlawful employment practices described herein were intentional.

21. The unlawful employment practices described herein were done with malice or with reckless indifference to Leon Laferriere's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against qualified individuals with disabilities who use a service animal or emotional support animal.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make Leon Laferriere whole by offering him employment as a truck driver.

D. Order Defendants to make Leon Laferriere whole by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, and any other affirmative relief necessary to eradicate the effects of its unlawful employment

practices.

E. Order Defendants to make Leon Laferriere whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in this Complaint in amounts to be determined at trial.

F. Order Defendants to make Leon Laferriere whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in this Complaint, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendants to pay Leon Laferriere punitive damages for its malicious and reckless conduct, as described herein, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues and questions of fact raised in its Complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

7

/s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney – Trial Counsel
EEOC Chicago District Office
500 W. Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8100 (Office)
(312) 869-8124 (Facsimile)
gregory.gochanour@eeoc.gov


/s/ Jean Kamp
Jean Kamp
Associate Regional Attorney –Trial Counsel
EEOC Chicago District Office
500 W. Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8116 (Office)
(312) 869-8124 (Facsimile)
jean.kamp@eeoc.gov


/s/ Deborah Hamilton
Deborah Hamilton[1]
Supervisory Trial Attorney –Trial Counsel
EEOC Chicago District Office
500 W. Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8110 (Office)
(312) 869-8124 (Facsimile)
deborah.hamilton@eeoc.gov


/s/ Leslie N. Carter
Leslie N. Carter
Trial Attorney – Trial Counsel
IL Bar No. 6311023
EEOC Milwaukee Area Office
310 West Wisconsin Avenue, Suite 500

---

[1] Supervisory Trial Attorney Deborah Hamilton and Trial Attorney Laurie Elkin are in the process of obtaining ECF accounts in this District, pursuant to Local Rule 2.02(b).

8

Milwaukee, WI 53203
(414) 297-4188 (Office)
(414) 297-3146 (Facsimile)
leslie.carter@eeoc.gov

/s/ Laurie Elkin
Laurie Elkin
Trial Attorney – Trial Counsel
EEOC Chicago District Office
500 W. Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8107 (Office)
(312) 869-8124 (Facsimile)
laurie.elkin@eeoc.gov