**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CRST INTERNATIONAL, INC.; and CRST EXPEDITED, INC.<br><br>Defendants. | No. 17-CV-129-LRR<br><br>**ORDER** |

_____

TABLE OF CONTENTS

I.   Background ………………………………………………………………………2

II.  Discussion ………………………………………………………………………..4

   A. Plaintiff's Motion to Reopen Depositions……………………………………. 4

   B. Plaintiff's Motion to Set a Date Certain……………………………………… 9

   C. Plaintiff's Motion to Extend Dispositive Motion Deadline …………………. 10

   D. Plaintiff's Motion for Sanctions ……………………………………………. 11

   E. Plaintiff's Request for Supplemental Relief Barring Defendants' Objections
      to Plaintiff's Reliance on Belatedly Produced Materials………………….. 14

III. Conclusion…………………………………………………………………….. 16

This matter is before the Court on two motions, both filed by the Equal Employment Opportunity Commission ("plaintiff"): Plaintiff's Motion to Re-Open Depositions, Set a Date Certain for Defendants to Produce All Responsive Documents and to Extend the Filing Deadline for Summary Judgment Motions, (Doc. 52); and Plaintiff's Motion for Fed. R. Civ. P. 30(d) Sanctions. (Doc. 60). CRST International, Inc., and CRST Expedited, Inc. ("defendants"), together, timely filed a resistance to each respective motion. (Docs. 53; 63). Plaintiff filed a supplement in support of its request for relief and request for supplemental relief barring defendants from objecting to plaintiff's reliance on the belatedly produced material as outside the scope of plaintiff's complaint. (Doc. 64.) Plaintiff filed a second supplement in support of its requests for relief to both reopen depositions and to impose sanctions against defendants. (Doc. 71). Defendants filed a response to plaintiff's second supplement. (Doc. 76). For the reasons stated below, plaintiff's request to reopen depositions is **granted** in part and **denied** in part; plaintiff's request to set a date certain is **denied**; plaintiff's request to extend plaintiff's dispositive motion deadline is **granted**; plaintiff's request for sanctions of attorneys' fees against defendants is **denied**; and plaintiff's request for a bar to an objection by defendants as to plaintiff's reliance on belatedly produced material as outside the scope of the complaint is **denied**.

## I. BACKGROUND

Plaintiff is seeking relief on behalf of Leon Laferriere from defendants—two large, national and international trucking companies. (*See* Doc. 1). In 2015, Laferriere applied for a semi-truck driver position for defendants, but was ultimately not hired. (*Id.*, at 4-5). On March 2, 2017, plaintiff filed a complaint alleging that defendants failed to accommodate Laferriere when Laferriere requested an accommodation of having his emotional support animal on the truck. (Doc. 1).

On September 7, 2017, plaintiff served on defendants its First Set of Requests for Production of Documents. (Doc. 52, at 2-3). On March 20, 2018, plaintiff took the depositions of Nichole Moreland and Marcus Schneider. (*Id.*, at 3). On May 30, 2018, plaintiff took additional individual and 30(b)(6) depositions. (*Id.*). On May 30, 2018, Ms. Karen Carlson, during her deposition, stated that in preparation for the deposition she "reviewed [defendants'] tracking [Excel] spreadsheet related to assistive animal approvals/denial statuses." (Doc. 64-6, at 3). Plaintiff's belief was that this document had not previously been disclosed. (*Id.*). Discovery in this case closed on June 1, 2018. (Doc. 46, at 2). On June 5 and 6, 2018, defendants emailed plaintiff that defendants had discovered additional documents and information; defendants provided plaintiff the additional information to plaintiff in those same emails. (Doc. 52, at 3-4). One of the documents produced on June 5, 2018, was the "tracking [Excel] spreadsheet" referenced by Carlson in her deposition. (Doc. 53-1, 47 through 48). In a motion filed on June 6, 2018, plaintiff requested that the Court enter an order "reopening the depositions of Marcus Schneider, Nichole Moreland, Karen Carlson and Sara Asbe . . . at [defendants'] expense, setting a date certain prior to the reopening of said depositions for [defendants] to produce any remaining documents, and extending the dispositive motion deadline until after said depositions are completed." (Doc. 52, at 5). On June 25, 2018, the plaintiff filed a separate motion, in which plaintiff requested that the Court enter an order imposing "sanctions under FED. R. CIV. P. 30(d) providing that the Defendants compensate [plaintiff] for attorney time and expenses in connection with certain topics covered [by] [plaintiff's] FED. R. CIV. P. 30(b)(6) deposition notice and on which [defendants] failed to produce a prepared and consenting designee." (Doc. 60, at 6). On June 26, 2018, the Court heard oral argument on the motion to reopen depositions. On June 27, 2018, following the parties' oral arguments, the Court ordered each party to submit certain supplemental materials. (Doc. 62). The Court has considered these supplemental

materials. (Docs. 64; 66). In addition to filing the supplemental materials as ordered by the Court, plaintiff incorporated into its supplemental materials an additional request that the Court "bar [defendants] from objecting to [plaintiff's] reliance on [those documents produced after the close of discovery] (and the conduct described in the documents) as outside the scope of the conduct covered by [plaintiff's] Complaint in this action." (Doc. 64, at 3). On July 12, 2018, plaintiff filed a second supplement in support of its request for relief, including as attachments two additional documents that defendants provided to plaintiff on July 10, 2018. (Doc. 71). Finally, on July 18, 2018, defendants, together, filed a response to plaintiff's second supplement in support of its request for relief. (Doc. 76). The Court will address each request in turn.

## II. DISCUSSION

### A. *Plaintiff's Motion to Reopen Depositions*

First, plaintiff requests that the Court reopen the depositions of Marcus Schneider, Nichole Moreland, Karen Carlson, and Sara Asbe. (Doc. 52, at 5). Before the Court can reopen discovery to allow the redeposition of specific deponents, it must first determine if plaintiff warrants any remedy. Plaintiff's motion to reopen the depositions was not timely filed prior to the close of discovery on June 1, 2018. (Docs. 46, at 2; 52). Accordingly, plaintiff must have failed to timely act because of "excusable neglect." FED. R. CIV. P. 6(b)(1)(B). "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (omission in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). In evaluating excusable neglect, the Eighth Circuit Court of Appeals applies a four-factor analysis to the relevant circumstances: "(1) the possibility of prejudice to [non-movant]; (2) the length of [movant's] delay and the possible impact of that delay on

4

judicial proceedings; (3) [movant's] reasons for delay, including whether the delay was within [its] reasonable control; and (4) whether [movant] acted in good faith." *Id.* (citation and internal quotation marks omitted).

Turning, in this case, to the first factor, defendants would be prejudiced by the reopening of depositions for two reasons. First, reopening depositions will affect the trial date. The Court acknowledges that a delay to the trial was not sought by plaintiff, however, because a delay is a consequence of plaintiff's motion, this factor weighs in defendants' favor. Second, plaintiff will have additional time to draft its motion regardless of the ultimate value of the belatedly produced material. Again, although this is not the reason for plaintiff's request, this additional time primarily benefits plaintiff and is prejudicial to defendants.

The second factor pertains to the length of the movant's delay and its concomitant delay on judicial proceedings. Because plaintiff filed its motion within twenty-four hours of being informed of the additional relevant material, the Court considers plaintiff's delay to be *de minimis*. The Court understands that reopening depositions will result in a delay on the upcoming judicial proceedings. Yet, the circumstances are that defendants failed to provide certain discoverable material prior to the close of discovery that could be of significant importance to plaintiff's litigation strategy. On the whole, the Court concludes that the fact that the trial will be delayed does not weigh too heavily against plaintiff on this factor.

The third factor concerns the reason for the delay. In this case, this factor is strongly on the side of plaintiff, as the documents initiating the instant motion to reopen depositions were disclosed after the close of discovery solely due to defendants' actions. The delay was not within plaintiff's reasonable control—as the party requesting production of documents, plaintiff had no control over whether defendants would provide

timely and accurate responses to the Request for Production of Documents dated September 7, 2017. (Doc. 52, at 2).

Finally, as to the fourth factor, plaintiff has demonstrated good faith in its present actions. For example, in the motion to reopen depositions, plaintiff pointed to newly disclosed documents provided after the close of discovery. (Doc. 52, at 3-4). Specifically, Exhibit E is a screenshot of a computer generated record showing communication between Laferriere and defendants' employees. (Doc. 52-1, at 32-33). Plaintiff asserts that this information was not independently discoverable and was provided to plaintiff on June 5, 2018, after the close of discovery. (Doc. 52, at 4). Further, at oral argument, plaintiff stated that during Carlson's May 30, 2018 deposition, Carlson mentioned an Excel spreadsheet that tracked service animal requests. This document was not provided to plaintiff prior to the deposition, but was instead disclosed on June 5, 2018. (Doc. 53-1, 47 through 48). Additionally, pursuant to the Court's Order on June 27, 2018, (Doc. 62), plaintiff provided additional exhibits of twenty-three pages of documents directly pertaining to Leferriere, (Docs. 64-1; 64-2; 64-3; 64-4), as well as a spreadsheet describing the relevance of several hundred pages of additional documents that were provided to plaintiff after the close of discovery. (Doc. 64-5).

Ultimately, although the Court notes that plaintiff did wait until the last day of discovery to depose individual and Rule 30(b)(6) deponents, the Court finds that viewing the circumstances through the four factors, plaintiff has satisfied the "excusable neglect" standard to reopen depositions.[1] Although untimely, the motion to reopen discovery was

---

[1] In plaintiff's previous motion to extend the dispositive motion filing deadline, plaintiff argued that an extension of the dispositive motion deadline was appropriate because plaintiff did not yet have the deposition transcripts from depositions that occurred on the final day of the discovery period. (Doc. 50). The Court found that plaintiff failed to demonstrate why additional time was necessary, why it could not have been filed earlier, or "why the transcripts of these particular witnesses are critical to plaintiff's ability to file dispositive motions," ruling that the plaintiff failed to meet the good cause requirement of Rule 16(b)(3)(A). (Doc 51, at 3).

warranted, and thus, the Court shall consider if plaintiff was harmed by not having the belatedly produced documents prior to the close of discovery.

Pursuant to the Court's Order to supplement the record, (Doc. 62), both parties provided documents to the Court relating to information produced after the close of discovery. (Docs. 64; 66). Plaintiff provided two exhibits, as directed. (*See* Doc. 64). Specifically, Exhibit G—a summary of all information provided to plaintiff after the close of discovery that directly mentions Laferriere by name (Docs. 64-1; 64-2; 64-3; 64-4), and Exhibit H—the deposition transcript in which Carlson testified to the existence of the Excel spreadsheet. (Doc. 64-6). Plaintiff also included a table summarizing several hundred pages of documents received after the close of discovery that, plaintiff contends, are "relevant, though they do not directly mention Mr. Laferriere." (Doc. 64-5).

Defendants provided three documents as directed. (*See* Doc. 66). Specifically, defendants provided the Court with the Excel spreadsheet used by Carlson to track animal approvals/denial statuses. (Doc. 66). Carlson stated in her deposition that she had used the Excel spreadsheet tracker since June 2015, and the document itself contains information regarding several applicants from 2014. (Docs. 64-6, at 3; 66-1). Additionally, defendants supplemented the record with two compiled lists of drivers whose applications contained a request for a service animal: one list naming all drivers whose applications were provided to plaintiff on April 13, 2018 (Doc. 66-2); and one list naming all drivers whose applications were provided to plaintiff on June 5 and 6, 2018. (Doc. 66-3). It would appear that only 16 of the 137 names on the Excel spreadsheet were unknown to plaintiff prior to the close of discovery (*See* Docs. 66-1; 66-3), and that 15 of those assistive animal requests were received after March 5, 2018. (Doc. 66-1). Defendants further acknowledged that in complying with the Court's Order, defendants discovered two discrepancies and

> [W]ish[ed] to inform the court that the spreadsheet does not contain the name of one person [Driver 1] for whom documents were provided to [plaintiff] on [April 13, 2018]. This is because [Driver 1]'s request was made in July 2014 before the spreadsheet tracking began. Also, the spreadsheet contains the name of one person [Driver 2] for whom [defendants] inadvertently did not produce documents to [plaintiff]. Upon discovering this omission today [defendants] supplemented our discovery response to provide [Driver 2]'s documents.

(Doc. 66). Defendants updated plaintiff as to "Driver 1" and Driver 2" on June 27, 2018. (*Id.*). The Court highlights these supplements to the record to demonstrate, without finding, that some of the documents may be of value to plaintiff and some may be irrelevant. Based on the aforementioned supplemental materials provided to the Court, however, the Court finds that had those materials been timely produced, some of those materials could have led plaintiff to want to inquire at deposition about those materials.

Because the belatedly-produced documents could have benefited plaintiff's discovery efforts, and thus discovery should be reopened, the Court shall determine what constraints, if any, should limit plaintiff's additional discovery. At oral argument, plaintiff stated that since plaintiff filed its motion to reopen depositions, plaintiff had satisfactorily redeposed Marcus Schneider and Nichole Moreland. Thus, plaintiff's request to reopen the depositions of Marcus Schneider and Nichole Moreland is moot and that portion of the motion is **denied**.

In plaintiff's prayer for relief, plaintiff explicitly requests to reopen the depositions of Karen Carlson and Sarah Asbe. (Doc. 52, at 5). The Court **grants** the reopening of individual depositions of Karen Carlson and Sara Asbe with specific constraints: (1) deposition topics are limited to only that information that was made available to plaintiff after the close of discovery; and (2) all depositions are to be completed no later than **August 17, 2018**. Additionally, and although not in the final prayer for relief, "plaintiff also seeks to reopen the deposition of the 30(b)(6) witness to question her about the

development of the service dog policy." (*Id.*, at 4). The Court **grants** plaintiff the opportunity to redepose 30(b)(6) deponents limited by the following constraints: (1) deposition topics are limited to only that information that was made available to the plaintiff after the close of discovery; (2) no party may be redeposed on a specific topic for which the parties have reached a stipulation; and (3) all depositions are to be completed no later than **August 17, 2018**.

### B. *Plaintiff's Motion to Set a Date Certain*

Second, plaintiff requests that the Court set a date certain prior to the reopening of the aforementioned depositions for defendants to produce any remaining documents. (Doc. 52, at 5). The Court recognizes that at the time the motion to reopen discovery was filed, plaintiff had not had sufficient time to "digest and fully review [the documents provided on June 5 and 6]." (Doc. 52, at 4). The Court also notes, however, that plaintiff has already redeposed both Marcus Schneider and Nichole Moreland, and plaintiff has had more than one month to review the preponderance of the supplemental discovery documents.

Beyond the fact that plaintiff has already had additional time to "digest and fully review" the additional material, the Court cannot simply establish a "date certain" which would authorize defendants to stop supplementing its disclosure—a party has the *continuing* burden to supplement its response to a request for production in a timely manner if it learns that in some respect the response is incomplete "and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." FED R. CIV. P. 26(e). Defendants were complying with this burden when they provided additional material on June 5 and 6, 2018. (*See, e.g.*, Doc. 66). Some of the materials provided to plaintiff were applications for assistive service animal requests made to defendants as recently as May 2018. (Doc. 66-1). The Court assumes, *in arguendo*, that there is a chance that similar applications will be submitted

9

to defendants in an ongoing fashion. Because these documents are being continually generated, the Court cannot postpone depositions until *all* such documents have been disclosed.

A timely example of this continuing burden to supplement discovery can be found in plaintiff's second supplement filed on July 12, 2018. In this unsolicited supplement, plaintiff described two documents that were provided "more than a month and half <u>after</u> close of discovery." (Doc. 71, at 1). Although plaintiff maintains the argument that it was possible for this material to have been disclosed previously, this most recent production of documents demonstrates the harm that *plaintiff* could suffer if defendants were Court ordered to cease supplemental disclosure at a "date certain."

Thus, even as to these latest two documents produced on July 10, 2018, because plaintiff has had the opportunity to review the belatedly-produced documents and there is no "date certain" that the Court can set that would authorize defendants to stop supplementing its disclosure, the Court **denies** the portion of the motion requesting the Court set a date certain for defendants to produce remaining documents.

### C. *Plaintiff's Motion to Extend Dispositive Motion Deadline*

Third, plaintiff requests that plaintiff's dispositive motions deadline be extended "until after [the reopened depositions of Marcus Schneider, Nichole Moreland, Karen Carlson, Sarah Asbe, and the 30(b)(6) deponents] are completed." (Doc. 52, at 4-5). Because of the aforementioned modified deposition deadline of August 17, 2018, and the Court's acknowledgment that material evidence may result from these depositions, the motion to extend the plaintiff's dispositive motions deadline is **granted**. The amended deadline for plaintiff's dispositive motions is **September 10, 2018**. The deadlines set forth in the Federal Rules of Civil Procedure and the Local Rules shall govern the time for defendants' resistance(s) and plaintiff's reply, should plaintiff choose to file one.

Per the Amended Trial Management Order, the trial date had been set for Monday, November 5, 2018. (Doc. 41, at 3). Local Rule 16(g) states that the deadline for filing dispositive motions in the parties' proposed scheduling order be at least 150 days before the proposed trial ready date. The intent of this Rule is to afford the Court sufficient time to review and rule on the parties' motions prior to trial, thereby allowing the parties to avoid the costs of trial preparation in the event the case is otherwise resolved. In this case, the Court previously set the dispositive motions deadline at least 150 days before the trial date.[2] With the reopening of depositions and the extension of plaintiff's dispositive motions deadline, there will be insufficient time between the date by which plaintiff must file its dispositive motion(s) and the start of trial to comply with the intent of Local Rule 16. The Court finds it necessary to move the trial date. The Court will, therefore, issue a Second Amended Trial Management Order setting the trial date for **March 4, 2019**.

### D. *Plaintiff's Motion for Sanctions*

Turning to plaintiff's motion for sanctions against defendants, plaintiff argues that because "[defendants] failed to produce an appropriately prepared and consenting [30(b)(6)] designee," depositions taken by plaintiff after June 1, 2018, should be taken at defendants' expense. (Docs. 60, at 1; 52, at 5). Plaintiff seeks these sanctions under Federal Rule of Civil Procedure 30(d)(2) in order to compensate plaintiff for "attorney time and expenses" incurred due to defendants failing to "produce a prepared and consenting designee." (Doc. 60, at 6). Plaintiff reiterates its request for sanctions in the second supplement filed on July 12, 2018. (Doc. 71, at 2).

Federal Rule of Civil Procedure 30(d)(2) permits the Court to impose an appropriate sanction "on a person who impedes, delays, or frustrates the fair

---

[2] The dispositive motions deadline was extended to June 8, 2018. (Doc. 46, at 2). Trial was scheduled for November 5, 2018. (Doc. 41, at 3). There are 151 days between those two dates.

examination" of a Rule 30 deponent. Rule 30(d)(2) is permissive in nature, and, thus, the Court has discretion as to if, when, and how the Rule may be applied. *See Sec. Nat'l Bank of Sioux City, IA v. Jones Day*, 800 F.3d 936, 941 (8th Cir. 2015) (reviewing Rule 30(d)(2) sanctions for abuse of discretion). "A bad faith finding is specifically required in order to assess attorneys' fees." *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 751 (8th Cir. 2004) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). This bad faith conduct must have practiced a fraud upon the court or defiled "the temple of justice." *Id.* (quoting *Chambers*, 501 U.S. at 46).

In *CMI Roadbuilding*, this Court did not award sanctions of attorneys' fees, even when the 30(b)(6) deponent stated "I don't know" more than fifty times, and admitted that he did "basically nothing" to prepare for the deposition. *CMI Roadbuilding, Inc. v. Iowa Parts, Inc.*, 322 F.R.D. 350, 361 (N.D. Iowa 2017). This Court, however, did state "[a] court may 'levy *appropriate* sanction[s] for a corporation's inadequate designation' in response to a 30(b)(6) notice."[3] *Id.* (quoting *Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover*, 563 F.3d 329, 345 (8th Cir. 2009) (emphasis added)).

This Court has ordered attorneys' fees and the cost of the reopened depositions after defendants' deponents' conduct was found to be "improper" and "obstructionist."[4] *Van Stelton v. Van Stelton*, No. C11–4045–MWB, 2013 WL 5574566, at *20-21 (N.D. Iowa Oct. 9, 2013). In *Van Stelton*, one of the deponents made his own objections to

---

[3] The Court emphasizes "appropriate" because as an alternative to monetary sanctions, an ineffective Rule 30(b)(6) deposition may be remedied by a second deposition of the corporation. *CMI Roadbuilding, Inc.*, 322 F.R.D. at 361. The Court uses that remedy here as well.

[4] The Court recognizes that the *Van Stelton* deponents were testifying in their individual capacities, unlike the 30(b)(6) corporate deponents at issue here. The analysis of when conduct becomes sufficiently egregious as to amount to "bad-faith," however, is applicable to the instant motion.

questions he thought were outside of the scope of the case, and the same deponent generally refused to answer any question he perceived as irrelevant. *Id.*, at *11. In the second deposition, the attorney was the one that objected to every question he felt was irrelevant to the case and directed the deponent not to answer. *Id.*, at *15. Ultimately, this Court found that the *Van Stelton* deponents' "repeated refusals to answer questions about particular topics were grossly improper," and ordered the reopening of depositions with costs assigned to defendants. *Id.*, at *18, 21.

Here, the Court finds no evidence of bad faith by defendants. The Court's reading of the deposition transcripts and defendants' resistance shows that defendants provided three separate 30(b)(6) deponents to testify on defendants' behalf on specified topics. (*See* Docs. 60-3, at 2 through 4; 60-4, at 2 through 4; 63, at 2 through 4). The Court finds some support for both parties' characterizations of the 30(b)(6) testimony upon the Court's review of the materials provided with parties' filings. (*See* Docs. 60-3, at 2 through 4; 60-4, at 2 through 4; 63, at 2 through 4; 65). The Court, will assume, *in arguendo*, that plaintiff's allegations as to the inadequacy of the 30(b)(6) depositions are true. Specifically, plaintiff argues that defendants' deponents failed to provide adequate testimony on Topics Seven, Eleven, and Thirteen. (*See* Doc. 60). The Court notes, however, that the three 30(b)(6) deponents were able to testify on six other topics. (*See* Doc. 63). Further, following the depositions, the parties reached a stipulation as to Topic Seven. (Doc. 63, at 3).

Additionally, Carlson, testifying as a 30(b)(6) deponent, admitted that she had not prepared for Topic Thirteen, but was able, nonetheless, to answer several questions as to her personal knowledge about the subject of Topic Thirteen. (Doc. 63, at 2-3). Without conclusively determining whether the 30(b)(6) deponents were unprepared, the Court finds that the deposition excerpts provided to the Court indicate the defendants' willingness to participate in the discovery process.

Plaintiff points to *Van Stelton* as supporting plaintiff's argument for sanctions. (Doc. 60, at 6). Defendants' conduct, however, does not rise to the level of the offending deponents in *Van Stelton*. The alleged conduct here is more analogous to the unprepared deponent in *CMI Roadbuilding*. In that case, as here, the Court granted "leave for additional time for plaintiff to depose defendants pursuant to the requirements of Rule 30(b)(6), with each party to bear its own costs and fees." *CMI Roadbuilding, Inc.*, 322 F.R.D. at 362.

Even if the Court assumes plaintiff's allegations are true, the Court finds that neither the defendants' nor defendants' counsel's conduct reached the high threshold of "bad faith." Thus, sanctions are an inappropriate remedy. Plaintiff's request for attorneys' fees is **denied**. Depositions are to be taken with each party bearing its own costs.

### E. *Plaintiff's Request for Supplemental Relief Barring Defendants' Objections to Plaintiff's Reliance on Belatedly Produced Materials*

On June 27, 2018, the Court ordered plaintiff to provide the Court with two specific exhibits: (1) all newly disclosed documents that reference or directly relate to Laferriere, the driver-applicant on whose behalf plaintiff filed suit; and (2) the portion of the deposition transcript at which point Carlson disclosed the existence of the Excel spreadsheet tracking support/assistive animal requests. (Doc. 62, at 1). On July 3, 2018, in addition to providing the specified exhibits, plaintiff requested that the Court "bar [defendants] from objecting to [plaintiff's] reliance on [those documents produced after the close of discovery] (and the conduct described in the documents) as outside the scope of the conduct covered by [plaintiff's] Complaint in this action." (Doc. 64, at 3). Defendants, together, filed a response to plaintiff's request. (Doc. 70). On July 12, 2018, plaintiff raised the same request again in its second supplement. (Doc. 71, at 2).

14

The Court did not invite *either* party to make additional arguments, request additional relief, or file a response. (Doc. 62). Pursuant to Federal Rule of Civil Procedure 7(b), "[a] request for a court order must be made by motion." Thus, plaintiff's request and second supplement, which were not made by motion, were improper. Similarly, the Court notes that defendants' response was filed without leave of Court, and was also improper. Defendants' improperly filed response, however, did not influence the Court's decision with respect to this issue.

Further, the request before the Court is not ripe. Plaintiff has not filed an amended complaint. Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposition party's written consent or the court's leave." The Court acknowledges that it "should freely give leave when justice so requires." (*Id.*). Plaintiff, however, is asking the Court to proactively or prematurely bar defendants from objecting to an amended complaint that has not been amended. Therefore, there is no new claim to which defendants may object, and to bar an unknown objection would be to rule in the abstract. "[The Court], however, do[es] not decide . . . in the abstract." *Hillier v. Soc. Sec. Admin.*, 486 F.3d 359, 367 (8th Cir. 2007). If plaintiff were to amend the complaint, defendant could choose to object and could also choose not to object. If defendants did object, the Court could find in defendants' favor on the merits or could rule against defendants' objection. The Court elucidates these options to draw attention to the fact that plaintiff's request to bar defendants' future objection is not ripe. This Court is bound by Eighth Circuit Court of Appeals' precedent, and must not rule in the abstract. The Court **denies** plaintiff's request.

## III. CONCLUSION

**IT IS ORDERED** for the reasons set forth above:

Plaintiff's request to reopen depositions is **granted** in part and **denied** in part;

Plaintiff's request to set a date certain is **denied**;

Plaintiff's request to extend plaintiff's dispositive motions deadline is **granted**;

Plaintiff's request for sanctions of attorneys' fees against defendants is **denied**; and

Plaintiff's request to bar defendants from objecting to plaintiff's reliance on belatedly produced material as outside the scope of the complaint is **denied**.

**IT IS SO ORDERED** this 24th day of July, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa