**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| **Plaintiff,** | **Civil Action No.  17 CV 00129-LRR** |
| **v.** | |
| **CRST INTERNATIONAL, INC.; CRST EXPEDITED, INC.** | **PLAINTIFF EEOC'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| **Defendants.** | |

Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), pursuant to Federal Rule of Civil Procedure 56(a) and Local Rule 56(a)(1), hereby moves for partial summary judgment against Defendant CRST Expedited, Inc. ("CRST")[1], on Plaintiff EEOC's failure to hire and failure to accommodate claims. (*See* ECF No. 19, Plaintiff's Amended Complaint ¶¶ 15, 16). In support of this motion for partial summary judgment, Plaintiff states:

1.      **CRST failed to hire Laferriere because of his disability and request for an accommodation.** It is undisputed that all conditions precedent to the filing of this lawsuit have been fulfilled. (ECF No. 42, Defs.' Answer, ¶ 39). It is undisputed that in May 2015, Leon

---

[1] EEOC has sued CRST Expedited, Inc. ("CRST Expedited") and CRST International, Inc., alleging that they operated as a joint employer. (ECF No. 19, Amended Complaint, ¶ 7). Defendants have admitted that CRST Expedited is a proper defendant, (ECF No. 6, Defs.' Misjoinder Mot., pp. 1-2), but denied that CRST International, Inc. is a joint employer. (ECF No. 42, Defs.' Answer, ¶ 7). For purposes of this motion, EEOC seeks judgment on liability against CRST Expedited only. At trial, EEOC will prove liability of CRST International and will seek relief against both Defendants.

1

Laferriere, an Iraq War veteran who has been diagnosed with Post Traumatic Stress Disorder ("PTSD") and a mood disorder, is an individual with a disability who possessed the requisite skill, education, experience, and training for the position and could perform the essential functions of the CRST truck driver position for which he applied. (Plaintiff's Statement of Undisputed Facts ("PF"), ¶¶ 1-14). Specifically, it is undisputed that Laferriere possessed a commercial driver's license ("CDL") and a Department of Transportation ("DOT") medical card that he received through CRST's medical examiner, and that CRST deemed him qualified at the time it refused to hire him. (*Id.*). It is undisputed that CRST deemed Laferriere qualified to attend driving school and qualified to attend CRST's new driver orientation program, where he would have been hired. (*Id.*). Yet, despite Laferriere's qualifications, CRST failed to hire Laferriere due to his request for the disability accommodation of riding with his service dog. (PF, ¶¶ 36-37). Therefore, Plaintiff asks the Court for judgment as a matter of law on EEOC's failure to hire claim.

**2.      CRST failed to provide a reasonable accommodation for Laferriere's disability.** As noted above, it is undisputed that Laferriere is an individual with a disability who possessed the requisite skill, education, experience, and training for the CRST truck driver position, as well as the ability to perform the essential functions of the job. It is undisputed that Laferriere requested the accommodation of riding with his service dog in the truck during the application process. (PF, ¶¶ 15-17). It is undisputed that Laferriere told CRST about his PTSD diagnosis and that his assistive animal was trained to assist him with nightmares. (PF, ¶ 17). It is undisputed that CRST failed to hire Laferriere pursuant to CRST's policy of not allowing service dogs on trucks. (PF, ¶¶ 36-37). It is also undisputed that CRST failed to engage in an interactive

2

process with Laferriere to identify an appropriate accommodation for Laferriere's known disability. (PF, ¶¶ 32-35).

It is further undisputed that allowing Laferriere to ride with his service dog would not have been an undue hardship for CRST, since CRST developed a policy allowing service dogs on CRST's trucks in late June 2015, less than two weeks after it refused to hire Laferriere due to his request to ride with his service dog. In fact, from June 25, 2015 to the present, CRST has granted at least 23 requests from drivers seeking permission to ride with a service or emotional support animal, including a request from an applicant with PTSD whose service dog wakes him from nightmares. (PF, ¶¶ 38-40). Yet, CRST failed to contact Laferriere to offer him a job or to approve his request to ride with his service dog under CRST's new service dog policy in the months that passed before Laferriere reported CRST's unlawful conduct to the EEOC. (PF, ¶ 35). Therefore, EEOC asks the Court for judgment as a matter of law on its failure to accommodate claim.

**3.** EEOC incorporates by reference Plaintiff EEOC's concurrently filed Brief in Support of Partial Summary Judgment and Plaintiff's Statement of Undisputed Facts in Support of Partial Summary Judgment, as well as the evidence provided in Plaintiff's Appendix.

For the reasons set forth above and in Plaintiff's supporting documents, EEOC respectfully asks the Court to grant Plaintiff's motion for judgment as a matter of law on EEOC's failure to hire and failure to accommodate claims. (*See* ECF No. 19, Plaintiff's Amended Complaint ¶¶ 15, 16). EEOC further requests that the matter be set for hearing as to damages and other relief against both Defendants.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

3

/s/ Leslie N. Carter
Leslie N. Carter
Trial Attorney
IL Bar No. 6311023
EEOC Milwaukee Area Office
310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
(414) 297-4188 (Office)
(414) 297-3146 (Facsimile)
leslie.carter@eeoc.gov

/s/ Laurie Elkin
Laurie Elkin
Trial Attorney
EEOC Chicago District Office
500 W. Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8107 (Office)
laurie.elkin@eeoc.gov


/s/ Deborah Hamilton
Deborah Hamilton
Supervisory Trial Attorney
EEOC Chicago District Office
500 W. Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8110 (Office)
(312) 869-8124 (Facsimile)
deborah.hamilton@eeoc.gov


/s/ Jean Kamp
Jean Kamp
Associate Regional Attorney
EEOC Chicago District Office
500 W. Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8116 (Office)
(312) 869-8124 (Facsimile)
jean.kamp@eeoc.gov

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 10, 2018, the foregoing Motion for Partial Summary Judgment was filed and served upon counsel for all parties using the Court's ECF system.

<u>/s/ Leslie N. Carter</u>