IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

CRST INTERNATIONAL, INC.;
CRST EXPEDITED, INC.

    Defendants.

Civil Action No. 17 CV 00129-CJW

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action alleging that CRST Expedited, Inc. and CRST International, Inc. ("Defendants") engaged in unlawful employment practices, in violation of Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), when they refused to provide reasonable accommodation to Leon Laferriere ("Laferriere") and refused to hire him because of his disability. Defendants filed an Answer denying these allegations. Each party agrees that this Decree is not an admission of the claims or defenses of the other party.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and Defendants have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC and shall be binding on the EEOC; on Defendants; and on Defendants' directors, officers,

1

employees, successors, and assigns. Subject to Paragraph 15, upon the expiration of this Consent Decree's two-year term, this case will be dismissed with prejudice.

## FINDINGS

3. Having examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

   (a) This Court has jurisdiction over the subject matter of this action and the parties;

   (b) The terms of this Decree are adequate, fair, reasonable, equitable, and just;

   (c) The rights of the EEOC, Laferriere, Defendants, and the public interest are adequately protected by this Decree;

   (d) This Decree conforms to the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person; and

   (e) Entry of this Decree will further the objectives of the ADA and will be in the best interests of the EEOC, Laferriere, Defendants, and the public.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

4. Defendants, their officers, agents, employees, successors, and assigns shall not engage in any employment practice prohibited by the ADA, including: (1) failing to provide reasonable accommodations to qualified drivers or driver applicants with a disability; (2) refusing to hire any qualified individual as a driver because of his/her disability or the need to provide reasonable accommodation for his/her disability; or (3) engaging in any form of retaliation against any person because such person has opposed any practice prohibited by the ADA, filed a charge of discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## MONETARY RELIEF

5. Subject to the terms and conditions of this Decree, Defendants shall pay the gross sum of $47,500 to Laferriere as back wages and compensatory damages. Of the gross sum, $15,000 shall be designated as back wages, and $32,500 shall be designated as compensatory damages. The amount designated as back wages shall be subject to any required tax withholdings and deductions, for which Defendants shall issue an IRS Form W-2 to Laferriere. Defendants may not deduct from the amounts to be paid to Laferriere the employer's share of applicable taxes. Defendants shall issue an IRS Form 1099 to Laferriere for the amount designated as compensatory damages.

6. No later than ten (10) business days after the later of entry of this Decree and receipt by Defendants of a copy of a Release Agreement executed by Laferriere in the form set forth in Exhibit A to this Decree, Defendants shall issue and mail to Laferriere, by Certified or Registered Mail, the checks for the payment to which Laferriere is entitled under Paragraph 5, above. Contemporaneously, Defendants shall submit a copy of those checks to the EEOC.

## TRAINING

7. No later than one hundred and twenty (120) calendar days after entry of this Decree, all Defendants' supervisory, managerial, human resources, recruiting, and training employees shall participate in a training session regarding the obligations of employers and rights of employees and applicants under the ADA, including, without limitation, providing reasonable accommodations. Defendants shall repeat this training at least once every twelve (12) months for the duration of the Decree, within ninety (90) calendar days of each anniversary following entry of this Decree. A registry of attendance shall be maintained for each training session required under this Paragraph.

8. Defendants shall obtain the EEOC's approval, which the EEOC shall not unreasonably withhold, of Defendants' proposed trainer and the content the trainer proposes to present before the commencement of any training session required under Paragraph 7, above. Defendants shall submit the name, address, telephone number, resume and training proposal of its proposed trainer (including copies of all materials the trainer proposes to display, distribute, or otherwise present) to the EEOC at least thirty (30) business days prior to the proposed date of each training session. The EEOC shall have ten (10) business days from the date it receives the information described above to accept or reject the proposed trainer and/or the content the trainer proposes to present. In the event the EEOC does not approve Defendants' proposed trainer and/or content, Defendants shall have five (5) business days to identify an alternate trainer and/or revise the content its trainer proposes to present. The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer and/or content. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraph 15, below.

9. No later than five (5) business days after the training session(s) described in Paragraph 7 above, takes place, Defendants shall certify to the EEOC in writing that the required training session(s) have taken place and the required personnel have attended. The certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name and position of all the employees subject to the training requirement; and (d) copies of any and all pamphlets, brochures, outlines or other written materials provided or displayed to the personnel attending each training session.

## POSTING AND DISTRIBUTION OF NOTICE

4

10. No later than five (5) business days after entry of this Decree, each Defendant shall post copies of the Notice attached as Exhibit B to this Decree in a conspicuous location on a bulletin board or other physical space that is regularly used by the Defendant in corporate headquarters for posting legal notices concerning employee rights. The Notice shall remain posted in this manner for the term of this Decree. Defendants shall take reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material.

11. No later than ten (10) business days after entry of this Decree, the Defendants shall make a written announcement to all of its employees via the company newsletter which states: "Soon the company will provide training on the Americans with Disabilities Act ("ADA") to all CRST Expedited and CRST International Employees. Generally speaking, the ADA makes it unlawful to discriminate in employment against a qualified individual with a disability. The ADA also requires covered employers to provide reasonable accommodations which would permit a qualified applicant or employee with a disability to participate in the job application process, to perform the essential functions of their job, or to enjoy benefits and privileges of employment equal to those enjoyed by employees without disabilities. If you have any questions about the upcoming training, or if you want to submit an accommodation request for consideration, please contact your supervisor or the HR Service Center." No later than ten (10) business days after entry of this Decree, each Defendant shall certify to EEOC in writing that the Notice has been properly posted and communicated in accordance with Paragraph above.

5

Case 1:17-cv-00129-CJW-KEM   Document 119-1   Filed 03/05/19   Page 5 of 13

## RECORD KEEPING AND INSPECTION

12. During the term of this Decree, Defendants shall maintain and make available for inspection and copying by the EEOC written records of (a) every request (oral or written, formal or informal, internal or external) for reasonable accommodation by any driver or driver applicant for employment; and (b) any complaint or report (oral or written, formal or informal, internal or external) of disability discrimination or of retaliation prohibited by this Decree. For each such request, complaint or report, such records shall include: (a) the name of the person who made the request, complaint or report and that person's address and telephone number; (b) the date of the request, complaint or report; (c) a written description of what was requested or alleged in the complaint or report; (d) a written description of the resolution or outcome of the request, complaint or report, including a description of what actions, if any, Defendants took or considered taking; and (e) if the request, complaint or report was made in written form, a copy thereof. All documents provided to the EEOC under this Paragraph 12 will be subject to the terms of the Confidentiality Protective Order in this case.

13. Defendants shall require personnel within its employ, upon written request by the EEOC to CRST's General Counsel or Vice President for Human Resources, to cooperate reasonably with and to be interviewed by the EEOC, for purposes of verifying compliance with this Decree. The EEOC shall conduct all such interviews in accordance with Rule 4.2 of the Model Rules of Professional Conduct. Each Defendant shall permit a representative of the EEOC to enter its premises without advance notice, during normal business hours, accompanied by CRST counsel or other authorized CRST employee, for the purpose of verifying compliance with the notice posting requirement of Paragraph 10.

6

## REPORTING

14. Defendants shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall be confidential and contain:

(a) copies of all records described in Paragraph 12, above, for the six (6) month period preceding the Semi-Annual Report or a certification by Defendants that no requests, complaints or reports were received during that period;

(b) a certification by Defendants that the Notice required to be posted pursuant to Paragraph 10 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report.

## DISPUTE RESOLUTION

15. If during the term of this Decree any party to the Decree believes that a party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other parties of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate.

7

## TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION

16. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of two (2) years immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 15, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

17. Each party shall bear its own expenses, attorneys' fees, and costs.

18. As provided in Paragraph 2 above, the terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of Defendants. Prior to any sale or other transfer of either Defendant's business or sale or other transfer of all or a substantial portion of the Defendant's assets, the Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

19. When this Decree requires the submission by Defendants of reports, certifications, notices, or other materials to the EEOC, they shall be sent by U.S. Mail to CRST Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 500 W. Madison St., Ste. 2000, Chicago, IL 60661. By advance agreement of the parties, materials may alternatively be submitted by electronic mail. EEOC shall maintain the confidentiality of the submitted documents and information unless CRST agrees in writing or a court orders that some or all be made public.

SO ORDERED, ADJUDGED, and DECREED on this ___ day of _____ 2019.

By the Court:

_____
The Hon. C.J. Williams
United States District Judge

Agreed to in form and content:

For the UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
312-869-8000

*[signature]*
GREGORY M. GOCHANOUR
Regional Attorney

*[signature]*
JEAN KAMP
Associate Regional Attorney

*[signature]*
DEBORAH L. HAMILTON
Supervisory Trial Attorney

For CRST INTERNATIONAL, INC.

SIMMONS PERRINE MOYER BERGMAN PLC

By: *[signature]*
Kevin J. Visser
Thomas D. Wolle
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
Email: kvisser@spmblaw.com
Email: twolle@spmblaw.com
ATTORNEYS FOR DEFENDANTS

9

EXHIBIT A

## RELEASE AGREEMENT

In consideration of $47,500 to be paid to me by CRST INTERNATIONAL, INC. and CRST EXPEDITED INC. in connection with the resolution of <u>EEOC v. CRST INTERNATIONAL, INC. and CRST EXPEDITED, INC.</u>, Case No. 17 CV 00129 (N.D. Iowa) ("EEOC Lawsuit"), and having been advised of my right to have my own attorney review this Agreement before I execute it, I waive and release with prejudice my right to recover for any claims of employment discrimination arising under the Americans with Disabilities Act of 1990 that I had or may have had against Defendants on or any time before the date of this Release Agreement arising from the facts alleged in the EEOC Lawsuit.

Signed: _____  Date: _____
        Leon Laferriere

# EXHIBIT B

## NOTICE

This Notice is being posted pursuant to a Consent Decree entered by the federal court in the Northern District of Iowa in EEOC v. CRST INTERNATIONAL, INC. and CRST EXPEDITED, INC., Case No. 17 CV 00129 (N.D. Iowa), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against CRST International, Inc. and CRST Expedited, Inc. (CRST).

In this lawsuit, the EEOC alleged that Defendants violated the Americans with Disabilities Act of 1990 (ADA) by not providing an applicant with reasonable accommodations for his disability and by failing to hire the applicant because of his disability. CRST denied these allegations and that its actions in any way violated the ADA with respect to the employment applicant involved in this lawsuit.

To resolve this case, EEOC and CRST International, Inc. and CRST Expedited, Inc. have entered into a Consent Decree requiring, among other things, that:

1. The company will provide reasonable accommodation to qualified employees and/or applicants;

2. The company will not retaliate against anyone for making a report or complaint about unlawful employment discrimination or harassment, for filing a charge of discrimination, or for participating in any way in a proceeding under the ADA; and

3. The company will provide training to its employees about the requirements of the ADA.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment and pregnancy), religion, national origin, age, disability, genetic information, and retaliation. Further information about EEOC and these laws is available on EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact EEOC by phone at (312) 869-8000 or by TTY at (312) 869-8001. The EEOC charges no fees.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: CRST Consent Decree Compliance; EEOC – Legal Unit; 500 West Madison Street, Suite 2000; Chicago, Illinois 60661.

_____  
Date

_____  
Judge C.J. Williams  
United States District Court